**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA AB and ASTRAZENECA PHARMACEUTICALS, LP, <br><br> *Plaintiffs*, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, MYLAN INC., MYLAN N.V., and 3M COMPANY <br><br> *Defendants*. | C.A. No. 18-1562-CFC <br><br> **FILED UNDER SEAL** |

**BRIEF IN SUPPORT OF MYLAN PHARMACEUTICALS INC., MYLAN
LABORATORIES LIMITED, MYLAN INC., AND MYLAN N.V.'S MOTION TO
<u>DISMISS FOR FAILURE TO STATE A CLAIM AND IMPROPER VENUE</u>**

*Of Counsel*:

Shannon M. Bloodworth
PERKINS COIE LLP
700 13th Street, NW, Suite 600
Washington, DC  20005-3960
(202) 654-6200
SBloodworth@perkinscoie.com

David L. Anstaett
Emily J. Greb
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460
DAnstaett@perkinscoie.com
EGreb@perkinscoie.com


Dated:  January 7, 2019

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Mylan Pharmaceuticals Inc.,
Mylan Laboratories Limited, Mylan Inc., and
Mylan N.V.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I. INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................. 2

III. STATEMENT OF FACTS .................................................................................... 2

    A. MPI Owns the ANDA........................................................................... 2

    B. MPI Is a West Virginia Company.......................................................... 3

    C. MPI's Affiliates .................................................................................... 3

    D. No Mylan Defendant Has a Regular and Established Place of Business in Delaware ............................................................................ 4

IV. LEGAL STANDARDS ........................................................................................ 5

    A. Failure to State a Claim Upon Which Relief Can Be Granted ................ 5

    B. Venue in Patent Infringement Actions.................................................... 5

    C. There Is a High Burden to Disregard the Corporate Form and Impute a Residence or Place of Business ................................................ 6

V. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MLL, MYLAN INC., AND MYLAN N.V .................................................................................. 7

VI. VENUE IS NOT PROPER OVER MPI IN THE DISTRICT OF DELAWARE ....................................................................................................... 8

    A. MPI is a resident of West Virginia, not Delaware .................................. 8

    B. MPI Has Not Committed an Act of Infringement in Delaware ................ 9

    C. MPI Has No "Regular and Established Place of Business" in This District.................................................................................................... 9

VII. CONCLUSION................................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

CASES

*3G Licensing, S.A. v. HTC Corp.*,
No. 17-83-LPS-CJB, 2017 WL 6442101 (D. Del. Dec. 18, 2017)...........................................6

*Ampro Computers, Inc. v. LXE, LLC*,
No. 13-1937, 2015 WL 5257153 (D. Del. Sept. 9, 2015).......................................................14

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
772 F. Supp. 1458 (D. Del. 1991).........................................................................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................14

*BlackBerry Ltd. v. Nokia Corp.*,
No. 17-155, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ......................................................15

*Blue Spike, LLC v. Nook Digital, LLC*,
No. 16-1361, 2017 WL 3263871 (E.D. Tex. July 28, 2017) ....................................................7

*Bockman v. First Am. Mktg. Corp.*,
459 F. App'x 157 (3d Cir. 2012) .............................................................................................6

*Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*,
No. 17-374-LPS, 2018 WL 5109836 (D. Del. Oct. 18, 2018)........................................6, 7, 14

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
No. 17-379, 2017 WL 3980155 (D. Del. Sept. 11, 2017)..................................................9, 11

*C.R. Bard, Inc. v. Guidant Corp.*,
997 F. Supp. 556 (D. Del. 1998)...........................................................................................15

*CAO Lighting, Inc. v. Light Efficient Design*,
No. 16-482, 2017 WL 4556717 (D. Idaho Oct. 11, 2017)......................................................13

*Cephalon, Inc. v. Watson Pharm., Inc.*,
629 F. Supp. 2d 338 (D. Del. 2009).................................................................................8, 15

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
353 U.S. 222 (1957)...............................................................................................................6

*FOX Factory, Inc. v. SRAM, LLC*,
No. 16-506, 2018 WL 317839 (N.D. Cal. Jan. 8, 2018).........................................................12

-ii-

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*,
  290 F. Supp. 3d 599 (N.D. Tex. 2017) ...........................................................7, 8, 9

*In re Cray, Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)............................................................... *passim*

*In re First Solar, Inc. Derivative Litig.*,
  No. 12-417-GMS-CJB, 2013 WL 817132 (D. Del. Mar. 4, 2013)............................................6

*In re Rosuvastatin Calcium Patent Litig.*,
  719 F. Supp. 2d 388 (D. Del. 2010)................................................................8

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)................................................................6

*Infinity Computer Prods., Inc. v. OKI Data Americas, Inc.*,
  No. 12-6797, 2018 WL 1035793 (E.D. Pa. Feb. 23, 2018) ......................................7

*Javelin Pharm., Inc. v. Mylan Labs. Ltd.*,
  No. 16-224, 2017 WL 5953296 (D. Del. Dec. 1, 2017) ................................................9, 10, 13

*Koninklijke KPN N.V. v. Kyocera Corp.*,
  No. 17-87-LPS-CJB, 2017 WL 6447873 (D. Del. Dec. 18, 2017)............................................5

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
  No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) ....................................12

*Metuchen Pharm. LLC v. Empower Pharm. LLC*,
  No. 18-11406 (JLL), 2018 WL 5669151 (D.N.J. Nov. 1, 2018) ............................................11

*Mobile Oil Corp. v. Linear Films, Inc.*,
  718 F. Supp. 260 (D. Del. 1989)............................................................15

*Pearson v. Component Tech. Corp.*,
  247 F.3d 471 (3d Cir. 2001)............................................................7

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988)............................................................5

*Personal Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017)........................................................6

*Pfizer Inc. v. Mylan Inc.*,
  201 F. Supp. 3d 483 (D. Del. 2016)........................................................15

-iii-

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Reflection, LLC v. Spire Collective LLC*,
    No. 17-1603, 2018 WL 310184 (S.D. Cal. Jan. 5, 2018) .......................................................11

*Regents of the Univ. of Minn. v. Gilead Scis., Inc.*,
    299 F. Supp. 3d 1034 (D. Minn. 2017).................................................................................12

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961)...............................................................................................................6

*Soverain IP, LLC v. AT&T, Inc.*,
    No. 17-293, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017) ....................................................7

*SportPet Designs Inc. v. Cat1st Corp.*,
    No. 17-554, 2018 WL 1157925 (E.D. Wis. Mar. 2, 2018) ....................................................13

*Stonite Prods. Co. v. Melvin Lloyd Co.*,
    315 U.S. 561 (1942)...............................................................................................................6

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    282 F. Supp. 3d 916 (E.D. Va. 2017) ......................................................................10, 11, 12

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S. Ct. 1514 (2017).................................................................................................1, 5, 6

*Tervino v. Merscorp., Inc.*,
    583 F. Supp. 2d 521 (D. Del. 2008).....................................................................................15

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*,
    140 F.3d 478 (3d Cir. 1998)...................................................................................................5

*Trustees of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*,
    332 F.3d 188 (3d Cir. 2003)............................................................................................7, 14

*United States v. Bestfoods*,
    524 U.S. 51 (1998).................................................................................................................7

*Unity Opto Tech. Co. v. Lowe's Home Ctrs., LLC*,
    No. 18-27, 2018 WL 2087250 (W.D. Wis. May 4, 2018) ......................................................7

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003)..............................................................................................8

*Witherspoon v. Rent-A-Center, Inc.*,
    173 F. Supp. 2d 239 (D.N.J. 2001) ........................................................................................5

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Xodus Medical, Inc. v. Allen Medical Sys., Inc.*,
    No. 17-00581, 2018 WL 2338763 (W.D. Pa. May 22, 2018) ...................................................7

**STATUTES**

21 U.S.C. § 355(j)(2)(A)(vii) .............................................................................................2

28 U.S.C. § 1391(c) ...........................................................................................................9

28 U.S.C. § 1400(b) ................................................................................................. *passim*

35 U.S.C. § 271(e)(2)(A) ...................................................................................................1

**RULES**

Fed. R. Civ. P. 12(b)(3) ................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 5, 8

Defendants Mylan Pharmaceuticals Inc. ("MPI"), Mylan Laboratories Limited ("MLL"), Mylan Inc., and Mylan N.V. (collectively, the "Mylan Defendants") respectfully move this Court for an Order dismissing this litigation for failure to state a claim and improper venue under 28 U.S.C. § 1400(b) and Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

This patent infringement action arises from the filing of ANDA No. 211699 ("the ANDA"). Under the Hatch-Waxman statute, the infringing act is submission of the ANDA. 35 U.S.C. § 271(e)(2)(A) ("It shall be an act of infringement to submit . . . an [ANDA] application . . . ."). Because it owns the ANDA, MPI is the only named defendant that is plausibly subject to liability. Plaintiffs AstraZeneca AB and AstraZeneca Pharmaceuticals LP ("Plaintiffs") nevertheless allege that MLL, Mylan Inc., and Mylan N.V.[1] are subject to liability under § 271(e)(2)(A), and seek declaratory judgements that these entities will infringe Plaintiffs' patents in the future. But MLL, Mylan Inc., and Mylan N.V. did not prepare or submit the ANDA, and do not own the ANDA. That makes Plaintiffs' claims against MLL, Mylan Inc., and Mylan N.V., subject to dismissal under Rule 12(b)(6) for failure to state a claim.

As for MPI, venue does not lie in Delaware. MPI is incorporated in West Virginia, and has operated commercial, research, and manufacturing-related facilities there for decades. MPI is not incorporated in Delaware and owns no property or facilities in Delaware. A domestic defendant in a patent infringement action is subject to venue under 28 U.S.C. § 1400(b) in only two locations: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). MPI does not reside or have a regular

---

[1] Plaintiffs also assert claims against 3M Company ("3M"). 3M will file its response on January 24, 2019.

and established place of business in Delaware. Under controlling venue law, MPI should be dismissed under Rule 12(b)(3) for improper venue.

## II.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs originally brought this action against the Mylan Defendants alleging infringement of U.S. Patent Nos. 7,759,328, 8,143,239, 8,575,137, and 7,967,011 (collectively, the "patents-in-suit"). *See* D.I. 1 ("Original Compl."). On December 19, 2018, Plaintiffs filed an amended complaint that added 3M as a defendant. *See* D. I. 13 ("Am. Compl."). The action arises from the filing of the ANDA with FDA, seeking approval to sell generic versions of budesonide and formoterol fumarate dihydrate inhalation aerosol, 160/4.5 mcg and 80/4.5 mcg. Compl. ¶¶ 1, 24; Am. Compl. ¶¶ 1, 26.

## III.     STATEMENT OF FACTS

### A.      MPI Owns the ANDA

MPI is the sole owner of the ANDA. Meckstroth Decl. ¶ 25.[2] MPI seeks FDA approval for a generic version of budesonide and formoterol fumarate dihydrate inhalation aerosol, 160/4.5 mcg and 80/4.5 mcg ("MPI's ANDA Product"). *Id.* ¶ 26. The ANDA was submitted by 3M Drug Delivery Systems, a division of 3M, in June 2018. *Id.* ¶ 27. 3M subsequently transferred the ANDA to MPI on August 17, 2018. *Id.* ¶ 28. The ANDA contains certifications under Paragraph IV of 21 U.S.C. § 355(j)(2)(A)(vii) that the patents-in-suit are invalid and/or not infringed by MPI's ANDA Product. Am. Compl. ¶¶ 30–31. And it was MPI that sent the Paragraph IV notice letter to Plaintiffs. Am. Compl. ¶ 30; Meckstroth Decl. ¶ 34. Neither MLL, Mylan Inc., nor Mylan N.V. prepared or submitted, and do not own, the ANDA. Meckstroth Decl. ¶ 30. Nor will they market or sell MPI's ANDA Product. *Id.* ¶ 31. 3M no longer owns the

---

[2] "Meckstroth Decl." refers to the Declaration of Keith Meckstroth, submitted with this brief.

ANDA, and will not be involved in any marketing, promotion, distribution, or sale of MPI's ANDA Product. Meckstroth Decl. ¶¶ 28–29.

FDA has not yet approved the ANDA. *Id.* ¶ 32. There has been no commercial manufacture, sale, or offer for sale of MPI's ANDA Product in the U.S. *Id.* ¶ 33.

### B.     MPI Is a West Virginia Company

MPI is a corporation organized and operating under the laws of West Virginia, with its principal place of business in Morgantown, West Virginia. *Id.* ¶¶ 3, 17. It has operated from West Virginia ever since its predecessor was founded there in 1961 by two Army buddies looking to give West Virginians access to affordable medicine. *Id.* ¶ 3.

MPI does not have any place of business in Delaware, much less a regular and established place of business. MPI does not own, lease, or control any manufacturing plants, corporate offices, facilities, or other real property in Delaware. *Id.* ¶ 4.; *id.* Ex. 2 at 2 (identifying Mylan locations); *id.* Ex. 3 at 5 (same). MPI has no telephone listings or mailing addresses for any physical location owned, leased, controlled, or occupied by MPI in Delaware. *Id.* ¶ 5. On the date that Plaintiffs filed their complaint, MPI had only one employee that resided in Delaware. *Id.* ¶ 6. But MPI has not established any MPI location in Delaware through this employee, and this employee has no involvement with the ANDA or MPI's ANDA Product. *Id.* MPI does not condition this employee's employment on continued residence in Delaware or the storing of any MPI products or materials in Delaware, nor does MPI pay for or assist with residential rent or mortgage payments in Delaware for this employee. *Id.* ¶ 7.

### C.     MPI's Affiliates

The Mylan group of companies has grown substantially over the past five decades since its founding in West Virginia. Through both organic growth and acquisitions, the group now

-3-

comprises well over 200 separate corporate entities. *Id.* ¶ 12. No MPI affiliate owns, leases, or controls any manufacturing plants, corporate offices, facilities, or other real property in Delaware. *Id.* ¶ 13; *id.* Ex. 1–3 (identifying locations for Mylan facilities). Some MPI affiliates are incorporated in Delaware, but of those incorporated there, most (all but three) have no employees. *Id.* ¶ 14. The three Delaware-incorporated companies that have operations requiring employees are Mylan LLC, which manufactures finished dose forms in Puerto Rico, Mylan Specialty L.P., which focuses on branded prescription drugs, a business separate from the generic pharmaceutical business run by MPI, and Apicore US LLC, which primarily focuses on manufacturing active pharmaceutical ingredients. *Id.* ¶ 15.

### D.   No Mylan Defendant Has a Regular and Established Place of Business in Delaware

No Mylan Defendant has a regular and established place of business in Delaware. MPI's principal place of business is Morgantown, West Virginia. Am. Compl. ¶ 4; Meckstroth Decl. ¶ 17. Mylan Inc.'s principal place of business is Canonsburg, Pennsylvania. Am. Compl. ¶ 8; Meckstroth Decl. ¶ 19. MLL's principal place of business is Hyderabad, India. Am. Compl. ¶ 6; Meckstroth Decl. ¶ 18. Mylan N.V.'s principal place of business is Hatfield, England. Am. Compl. ¶ 10; Meckstroth Decl. ¶ 20. Mylan N.V. is a holding company, has no employees of its own, is not registered to do business in Delaware, and is not a holder of or applicant for a Delaware Distributor (Pharmacy-Wholesale) license. Meckstroth Decl. ¶ 20.

No Defendant has a physical place of business geographically located in Delaware. *Id.* ¶ 21. No Defendant owns, leases, or controls any manufacturing plants, corporate offices, facilities, or any other real property in Delaware (*id.* ¶ 22), and aside from the one MPI employee described in Section III.B above, no Defendant has employees that reside in Delaware (*id.* ¶ 23).

-4-

Nor does any Defendant have telephone listings, mailing addresses, or income tax filings in Delaware. *Id.* ¶ 24.

## IV. LEGAL STANDARDS

### A. Failure to State a Claim Upon Which Relief Can Be Granted

To determine whether a complaint fails to state a claim under Rule 12(b)(6), the Court must accept as true all material, non-conclusory allegations of the complaint. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The Court should disregard conclusory recitations of law for purposes of its Rule 12(b)(6) analysis. *See Witherspoon v. Rent-A-Center, Inc.*, 173 F. Supp. 2d 239, 241–42 (D.N.J. 2001) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988)).

### B. Venue in Patent Infringement Actions

28 U.S.C. § 1400(b) strictly limits where a defendant in a patent infringement case may be sued. A domestic corporation is subject to suit only (1) where it resides, or (2) where it has committed an act of infringement *and* has a regular and established place of business. *TC Heartland*, 137 S. Ct. at 1518–19. For the first prong of § 1400(b), a domestic corporation resides in its state of incorporation. *Id.* at 1516–17. To have a "regular and established place of business" in a district under the second prong of § 1400(b):

(1)　　there must be a ***physical place*** in the district;
(2)　　it must be a ***regular and established*** place of business; and
(3)　　it must be the place ***of the defendant***.

*In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017); *see also Koninklijke KPN N.V. v. Kyocera Corp.,* No. 17-87-LPS-CJB, 2017 WL 6447873, at *2 (D. Del. Dec. 18, 2017) (holding that party who established it had no physical location or facility in Delaware had no regular and established place of business in Delaware); *3G Licensing, S.A. v. HTC Corp.*, No. 17-83-LPS-CJB, 2017 WL 6442101, at *1–2 (D. Del. Dec. 18, 2017) (same). Whether a defendant has a

-5-

regular and established place of business is determined as of the time the complaint was filed. *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 926-31 (E.D. Tex. 2017).

Plaintiffs bear the burden of establishing proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). Venue-related allegations in the complaint are accepted as true unless the allegations are contradicted by the defendant's affidavits. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012); *In re First Solar, Inc. Derivative Litig.*, No. 12-417-GMS-CJB, 2013 WL 817132, at *2 (D. Del. Mar. 4, 2013).

### C.     There Is a High Burden to Disregard the Corporate Form and Impute a Residence or Place of Business

The Supreme Court has held four times that venue in patent cases must be established under § 1400(b), and not by supplementing that provision with theories derived from other statutes or common law. *TC Heartland*, 137 S. Ct. at 1516–17; *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262–64 (1961); *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957); *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 563 (1942). "Alter ego," "veil piercing," "agency based on complete domination and control," or any other theories Plaintiffs may conjure do not generally alter the statutory requirement reinforced in *Cray* that the defendant itself either reside in the forum district or have a regular and established place of business there. While judges on this court have entertained venue arguments based on these theories, the arguments have failed. *See, e.g., Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, No. 17-374-LPS, 2018 WL 5109836, at *5 (D. Del. Oct. 18, 2018).

Assuming common law corporate theories could supplement the venue statute, there is a strong presumption that distinct-but-affiliated entities are not liable for each other's acts. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998). In rare instances, the corporate form is disregarded and acts of an entity are imputed to a related entity, but a showing of fraud, injustice,

or unfairness is required. *See Trustees of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003); *Bristol-Myers Squibb*, 2018 WL 5109836, at *4. Alter-ego, veil-piercing theories typically fail because this "burden is notoriously difficult for plaintiffs to meet." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001). A plaintiff must show that one of the entities is "little more than a legal fiction," *id.*, with clear and convincing evidence, *Lutyk*, 332 F.3d at 194. Courts in patent infringement actions often refuse to disregard a defendant's corporate form to establish venue. *See, e.g.*, *Bristol-Myers Squibb*, 2018 WL 5109836, at *5; *Xodus Medical, Inc. v. Allen Medical Sys., Inc.*, No. 17-00581, 2018 WL 2338763, at *3 (W.D. Pa. May 22, 2018); *Unity Opto Tech. Co. v. Lowe's Home Ctrs., LLC*, No. 18-27, 2018 WL 2087250, at *2–3 (W.D. Wis. May 4, 2018); *Infinity Computer Prods., Inc. v. OKI Data Americas, Inc.*, No. 12-6797, 2018 WL 1035793, at *9 (E.D. Pa. Feb. 23, 2018); *Soverain IP, LLC v. AT&T, Inc.*, No. 17-293, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017); *Blue Spike, LLC v. Nook Digital, LLC*, No. 16-1361, 2017 WL 3263871, at *3 (E.D. Tex. July 28, 2017); *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 611, 613 (N.D. Tex. 2017).

## V.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MLL, MYLAN INC., AND MYLAN N.V.

Plaintiffs' Amended Complaint fails to state a claim against MLL, Mylan Inc., or Mylan N.V. These entities did not prepare or submit the ANDA, did not conduct any of the underlying work described in the ANDA, and will not be the ones to market and sell MPI's ANDA Product once approved. Meckstroth Decl. ¶¶ 30–31. Those facts are fatal to Plaintiffs' claims. The operative act of infringement under § 271(e)(2) is submission of the accused ANDA. Because they did not submit the ANDA and do not now own it, MLL, Mylan Inc., and Mylan N.V. cannot be found liable for any past infringement. *See id.* ¶ 30; *see also Warner-Lambert Co. v. Apotex*

-7-

*Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003) (artificial act of infringement under § 271(e)(2) is "the filing of the ANDA"). While entities involved in preparing an ANDA may be deemed to have "submitted" it for purposes of § 271(e), MLL, Mylan Inc., and Mylan N.V. were not involved. Meckstroth Decl. ¶ 30; *see also Galderma Labs.*, 290 F. Supp. 3d at 616–17; *cf. In re Rosuvastatin Calcium Patent Litig.*, 719 F. Supp. 2d 388, 397 (D. Del. 2010); *Cephalon, Inc. v. Watson Pharm., Inc.*, 629 F. Supp. 2d 338, 349 (D. Del. 2009). Plaintiffs' claims for declaratory judgments of alleged future infringement by the defendants, moreover, are not applicable to MLL, Mylan Inc., or Mylan N.V. since they will not manufacture, market, or sell the ANDA product. Meckstroth Decl. ¶¶ 29, 31. Accordingly, the Court should dismiss MLL, Mylan Inc. and Mylan N.V. for failure to state a claim under Rule 12(b)(6).

## VI.    VENUE IS NOT PROPER OVER MPI IN THE DISTRICT OF DELAWARE

MPI is the only Mylan Defendant involved with the ANDA. But MPI is not subject to venue in Delaware. MPI is incorporated in West Virginia and therefore resides there for purposes of the first prong of § 1400(b). Under the second prong, the artificial act of infringement (submitting the ANDA) did not occur in Delaware, so there was no act of infringement by MPI there. Nor does MPI have a regular and established place of business in Delaware, and Plaintiffs have not pleaded facts upon which the residence or place of business of another entity may plausibly be imputed to MPI.

### A.    MPI is a resident of West Virginia, not Delaware

Under the first prong of § 1400(b), a "civil action for patent infringement may be brought in the judicial district where the defendant resides." There is no dispute that MPI is incorporated (and therefore resides) in West Virginia (*id.* ¶ 3; Am. Compl. ¶ 4). Venue is not proper in this district under the first prong of § 1400(b). *See Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, No. 16-

-8-

224, 2017 WL 5953296, at *2 (D. Del. Dec. 1, 2017) (holding that MPI does not reside in Delaware for purposes of the first prong of § 1400(b)).

### B.    MPI Has Not Committed an Act of Infringement in Delaware

While recognizing there is a prior contrary ruling on this issue, *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. 17-379, 2017 WL 3980155, at *6–13 (D. Del. Sept. 11, 2017), MPI maintains its position that the second prong of § 1400(b) requires actual acts of infringement to have occurred in Delaware, even in Hatch-Waxman cases. *See Galderma Labs.*, 290 F. Supp. 3d at 606–09. Because the ANDA was not submitted in Delaware, MPI maintains that no act of infringement has occurred in Delaware.

### C.    MPI Has No "Regular and Established Place of Business" in This District

The second prong of § 1400(b) also requires that the defendant have a "regular and established place of business" within the district. The Federal Circuit has explained that "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision, 28 U.S.C. § 1391(c)." *Cray*, 871 F.3d at 1361 (citations omitted). Instead, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360.

MPI has no place of business in Delaware, let alone one that meets these stringent requirements. MPI does not own or rent any place of business, manufacturing facility, office, or real property in Delaware. Meckstroth Decl. ¶ 4. Venue in this district is therefore improper. *See Cray*, 871 F.3d at 1362 (holding that "there must . . . be a physical, geographical location in the district from which the business of the defendant is carried out").

-9-

### 1.   Plaintiffs' unavailing factual allegations

Plaintiffs nevertheless allege that MPI "on information and belief has a regular and established place of business in the State of Delaware." Am. Compl. ¶ 107. Plaintiffs base this allegation on several facts that, even if true, do not establish a regular and established place of business in Delaware. MPI's declarant, moreover, refutes many of these facts.

*MPI sales professionals and employees that visit the State*. Plaintiffs allege that MPI has a regular and established place of business in Delaware through "hired sales professionals and legal counsel who act as the Mylan Defendants' agents and continue the Mylan Defendants' business operations from locations within this District," and MPI "employees who conduct Mylan's business from various offices and other locations in the State of Delaware." *Id.* These allegations are insufficient. Because Mylan has no permanent physical presence in Delaware, MPI employees' occasional visits to customers in Delaware are irrelevant. Transitory activities such as hotel stays and temporary visits do not subject MPI to venue in Delaware because "sporadic activity cannot create venue." *Cray*, 871 F.3d at 1362; *see also Javelin Pharm.*, 2017 WL 5953296, at *5–6 (holding that transient, sporadic visits to a district are not of sufficient permanence or steadiness to be "regular" or "established," nor do they constitute a "place" of the defendant); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (finding transitory promotional events fail to establish a regular and established place of business). The patent venue statute subjects a defendant to suit only in a district where its presence is permanent, not just transitory. *Reflection, LLC v. Spire Collective LLC*, No. 17-1603, 2018 WL 310184, at *1 (S.D. Cal. Jan. 5, 2018); *Symbology*, 282 F. Supp. 3d at 929–31.

*MPI marketing*. Plaintiffs also rely on marketing activity by MPI in Delaware to allege venue. *See, e.g.*, Am. Compl. ¶ 107 ("Mylan Pharmaceuticals Inc.'s hired sales professionals

-10-

provide samples and product literature to physicians and hospitals within this District," and MPI "makes promotional payments to physicians within this District."); *see also id.* ¶¶ 97–99, 101–03. But "[m]arketing or advertisements [are] relevant . . . only to the extent they indicate that the defendant itself holds out a place for its business." *Cray*, 871 F.3d at 1363. MPI has never indicated in marketing visits or material that it has a place of business in Delaware. Meckstroth Decl. ¶ 8.

*MPI's registration to do business in Delaware*. Plaintiffs allege that MPI is "registered to do business in the State of Delaware and has indicated on its certificate of registration in the State of Delaware that it intends to engage in '[p]harmaceutical manufacturing, distribution and sales' in Delaware." Am. Compl. ¶ 93. But doing business in Delaware does not establish a regular place of business there. The venue statute demands more than just some contact with a state. *See Cray*, 871 F.3d at 1366; *Symbology*, 282 F. Supp. 3d at 930 (cautioning against conflating the minimum contacts necessary for personal jurisdiction with the "more demanding" venue inquiry); *Metuchen Pharm. LLC v. Empower Pharm. LLC*, No. 18-11406 (JLL), 2018 WL 5669151, at *3 (D.N.J. Nov. 1, 2018) (holding that a New Jersey pharmacy license does not create a regular and established place of business in that state). Courts nationwide have recognized that being registered to do business is alone not a proper basis for venue in a forum. *See, e.g.*, *Bristol-Myers Squibb*, 2017 WL 3980155, at *17.

*MPI products in Delaware*. In the "Venue" section of their complaint, Plaintiffs also allege several facts about the four Mylan Defendants collectively, without distinguishing between them. For example, Plaintiffs allege that "a portion of the Mylan Defendants' business is done in the State of Delaware," Am. Compl. ¶ 94, "the Mylan Defendants supply such pharmacies within the State of Delaware," *id.* ¶ 102, and "one major customer of the Mylan

-11-

Defendants' family of corporations," "McKesson Corporation, sells and/or distributes hundreds of drug products sold under Manufacturer Mylan Pharmaceuticals [sic], throughout the United States, including in this judicial district," *id.* ¶ 104. These generalized allegations are insufficient because venue must be established for *each* Defendant separately. *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997) ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.").

But even if the allegations pertained specifically to MPI, they would be insufficient. Sales by MPI's customers in Delaware would not establish venue over MPI. As explained above, conducting some business in a district is not enough. *See Cray*, 871 F.3d at 1366; *Symbology*, 282 F. Supp. 3d at 930. Courts have repeatedly held that sales or sales representatives within the forum do not establish venue via a regular and established place of business in the state. *See, e.g.*, *Regents of the Univ. of Minn. v. Gilead Scis., Inc.*, 299 F. Supp. 3d 1034, 1042 (D. Minn. 2017) (sales to customers in district not enough); *FOX Factory, Inc. v. SRAM, LLC*, No. 16-506, 2018 WL 317839, at *3 (N.D. Cal. Jan. 8, 2018). While some of MPI's generic products may end up in Delaware, those products do not come from an MPI facility in Delaware because no such facilities exist. Meckstroth Decl. ¶ 4. Following *Cray*, moreover, courts routinely hold that the physical locations of customers and distributors do not create venue because they are not the places of business of the defendant itself. *SportPet Designs Inc. v. Cat1st Corp.*, No. 17-554, 2018 WL 1157925, at *3–4 (E.D. Wis. Mar. 2, 2018) (Amazon fulfillment center was not a regular and established place of business of the defendant); *CAO Lighting, Inc. v. Light Efficient Design*, No. 16-482, 2017 WL 4556717, at *2–3 (D. Idaho Oct. 11, 2017) (locations of third-party distributors are not places of business of the defendant).

-12-

***Prior Delaware Litigation***. Plaintiffs also allege facts regarding prior litigations in Delaware involving MPI (and the Mylan Defendants generally). Am. Compl. ¶¶ 95–96. But MPI's prior litigation history in this district is irrelevant. Judges in this district have made clear that "a courthouse—even one in which a defendant like Mylan litigates frequently, as a necessary and predictable part of its business, in order to obtain approval to enter the market with its generic drugs—is not a place 'of the defendant.'" *Javelin Pharm.*, 2017 WL 5953296, at *6 ("The courthouse is not owned or leased by Mylan; nor does Mylan exercise other attributes of possession or control over the courthouse.").

### 2. Activities of unnamed affiliates do not create venue over MPI

Stretching even further with no factual footing, Plaintiffs allege that MPI has a regular and established place of business in Delaware "through at least one or more affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family who have a regular and established place of business in Delaware." Am. Compl. ¶ 107. Plaintiffs makes other baseless allegations like this:

> On information and belief, at least 40 U.S. affiliates, subsidiaries, parents, alter egos, agents and/or other entities in the Mylan corporate family are incorporated in Delaware, all of which reside within this judicial district.
>
> On information and belief, the formalities of corporate separateness are not preserved between the Mylan Defendants and one or more of such U.S. affiliates, parents, alter egos, agents and/or other entities that reside in the state of Delaware.

*Id.* ¶¶ 90–91.

Judge Stark recently rejected a similar unsubstantiated attempt to create venue over MPI. *Bristol-Myers Squibb*, 2018 WL 5109836, at *5. The court's decision was based soundly on the heavy burden to which plaintiffs are held in attempting to disregard the corporate form. *Id.* at *4. While this nebulous theory has many names ("veil-piercing," "alter-ego," "agency based on

-13-

complete domination and control"), and courts have applied varying factors, one thing is clear: to disregard the corporate form and impute the conduct of another entity to MPI, Plaintiffs must plead facts showing fraud, injustice, or unfairness. *Id.*; *see also Lutyk*, 332 F.3d at 194.

The Complaint does not include any allegations of fraud, injustice, or unfairness. It contains no facts that justify disregarding MPI's corporate form. Plaintiffs merely allege that MPI has "alter egos" and has "not preserved" "the formalities of corporate separateness" between itself and "U.S. affiliates, parents, alter egos, agents and/or other entities that reside in the state of Delaware." Am. Compl. ¶ 91. But Plaintiffs cannot plead venue with mere labels, conclusions, and formulaic recitations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). MPI bears no burden to preemptively refute assertions about unnamed corporate affiliates and conduct supposedly showing that MPI's corporate form can be ignored, pierced, or otherwise set aside. At a minimum, Plaintiffs were required to plead facts sufficient to support an inference that some alter ego used MPI as a sham entity to engage in fraud or injustice. MPI is a real West Virginia company, not a sham. It has been operating since 1961, is solvent, and runs a major generic pharmaceutical business that is separate and distinct from other Mylan businesses. Meckstroth Decl. ¶ 11; *id.* Ex. 3 (2017 Mylan N.V. 10-K). The absence of any contrary allegations (let alone plausible allegations) is dispositive of this question. *See Ampro Computers, Inc. v. LXE, LLC*, No. 13-1937, 2015 WL 5257153, at *7 (D. Del. Sept. 9, 2015) (dismissing a veil-piercing argument supported only by "conclusory" and "inadequate" allegations); *BlackBerry Ltd. v. Nokia Corp.*, No. 17-155, 2018 WL 1401330, at *2 (D. Del. Mar. 20, 2018) (same); *Tervino v. Merscorp., Inc.*, 583 F. Supp. 2d 521, 531 (D. Del. 2008) (same).

-14-

### 3.    Activities of unspecified agents do not support venue

To the extent Plaintiffs' formulaic use of the label "agent" is an attempt to use a traditional agency theory to impute a Delaware residence or place of business to MPI, Am. Compl. ¶¶ 90–91, 107, that attempt fails too. Judges in this district recognize the distinction between a "pure" agency theory and an alter-ego type agency theory, and have noted the former is more limited. *See Mobile Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 271 (D. Del. 1989) (describing the distinction between a "pure agency theory" and "agency based on complete domination and control."). Under a pure agency theory, the acts of an agent may be imputed to its parent if they are performed at the direction or on behalf of the parent, and the parent may be held liable for the consequences of those acts. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998). But notably, the agent and parent are still viewed as two distinct entities that maintain their corporate identities. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991) (explaining that, even if an agency relationship exists, "courts will not ignore the separate corporate identities of parent and subsidiary"); *Pfizer Inc. v. Mylan Inc.*, 201 F. Supp. 3d 483, 489 (D. Del. 2016) (same); *Cephalon*, 629 F. Supp. 2d at 348 (same). Under an alter ego type agency theory, by contrast, the corporate distinction between the entities is ignored because of excessive dominance by the parent or commingling between the entities. *Mobil Oil*, 718 F. Supp. at 271. Therefore, to the extent Plaintiffs rely on a pure agency theory, the presence of a Delaware-based agent would not strip MPI of its independent status as a West Virginia corporation with no Delaware place of business.

## VII.    CONCLUSION

For the foregoing reasons, the Court should dismiss MLL, Mylan Inc., and Mylan N.V. for failure to state a claim upon which relief can be granted, and should dismiss MPI for improper venue.

*Of Counsel*:

Shannon M. Bloodworth
PERKINS COIE LLP
700 13th Street, NW, Suite 600
Washington, DC  20005-3960
(202) 654-6200
SBloodworth@perkinscoie.com

David L. Anstaett
Emily J. Greb
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460
DAnstaett@perkinscoie.com
EGreb@perkinscoie.com

Dated:  January 7, 2019

/s/ *Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Mylan Pharmaceuticals Inc.,*
*Mylan Laboratories Limited, Mylan Inc., and*
*Mylan N.V.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 7, 2019, true and correct copies of the foregoing document were caused to be filed with the Clerk of Court via CM/ECF, which will send notification of the filing to counsel of record, and I further certify that true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

<u>VIA ELECTRONIC MAIL</u>
Christopher N. Sipes (admitted pro hac vice)
Gary M. Rubman (admitted pro hac vice)
Matthew Kudzin (admitted pro hac vice) Anna
Q. Han (admitted pro hac vice)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth St. NW
Washington, DC 20001
(202) 662-6000
csipes@cov.com
grubman@cov.com
mkudzin@cov.com
ahan@cov.com

*Attorneys for Plaintiffs AstraZeneca AB and
AstraZeneca Pharmaceuticals LP*

<u>VIA ELECTRONIC MAIL</u>
Michael P. Kelly
Daniel M. Silver
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs AstraZeneca AB and
AstraZeneca Pharmaceuticals LP*

*/s/ Alexandra M. Ewing*
Alexandra M. Ewing (#6407)
ewing@rlf.com

RLF1 20571914v.1