

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

October 15, 2019

**VIA CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building      **PUBLIC VERSION**
844 N. King Street
Wilmington, DE 19801-3555

Re:   *AstraZeneca AB v. Mylan Pharmaceuticals Inc.*, No. 18-1562-CFC

Dear Judge Connolly:

    We write on behalf of the Defendants in the above-captioned litigation in response to Plaintiffs' motion to compel and supporting letter. *See* D.I. 145, 146. In short, there is no genuine dispute between the parties regarding the scope of document discovery, and Defendants have produced documents falling within the scope of Plaintiffs' requests for production.

    Plaintiffs' requests in their letter (D.I. 146) are different, and narrower, than the dispute they asserted when they approached the Court nearly two months ago to schedule this week's discovery conference. On August 8, Defendants confirmed that they would produce documents "related to products and/or formulations containing budesonide *and* formoterol that led to the ANDA product described in ANDA No. 211699, if any such documents exist." D.I. 146, Ex. D at 1 (emphasis added). On August 29, in an email not provided with their motion to compel, Plaintiffs asserted an impasse over Defendants' refusal to produce "documents related to products and/or formulations containing budesonide *or* formoterol." Ex. A (emphasis added).

    That difference is meaningful. Budesonide and formoterol have long been used separately in inhalation medicines. For example, long before the filing of ANDA 211699, Mylan had approval for a standalone product containing budesonide (in 2011). Ex. B at 2, 6. Documents regarding development of this standalone product are neither within the scope of AstraZeneca's requests for production, nor relevant to "efforts to develop a budesonide/formoterol formulation" (D.I. 146 at 3).

The Honorable Colm F. Connolly
October 15, 2019
Page 2

Rather, every asserted patent claim requires a budesonide/formoterol combination. When the parties conferred, Defendants informed AstraZeneca that they would not produce documents related to products that use only budesonide or only formoterol, but would produce documents related to budesonide *and* formoterol combinations. D.I. 146, Ex. D at 1. Apparently, AstraZeneca now agrees that only documents related to the combination need to be produced.

Defendants *have* produced documents AstraZeneca appears to now seek, relating to formulations of budesonide and formoterol. Plaintiffs assert, for example, that documents are missing because Plaintiffs "understand[] that…Defendants worked to develop other drug products containing a combination of budesonide and formoterol," citing "work performed by 3M in collaboration with a third-party to develop a budesonide/formoterol drug product," including involving "Pre-ANDA No. 207654." D.I. 146 at 2. But the collaboration involving pre-ANDA 207654 was development work done by 3M with a third party, and Plaintiffs readily admit (fatally for their motion to compel) that Defendants *have* produced documents describing at least that third-party collaboration. *See* D.I. 146 at 2 ("Defendants have produced … documents related to work done by 3M and [the third party]"). Defendants have also not withheld documents related to earlier combination-product development efforts with another third party.

Finally, the parties agreed to use search terms to collect documents. Plaintiffs agreed repeatedly to search terms targeting documents mentioning *both* active ingredients (budesonide and formoterol), and not targeting documents mentioning only one. *See* Ex. C at 1, 3, and 4 (multiple search terms hitting only on documents mentioning budesonide "AND" formoterol). Defendants have produced responsive documents located using the agreed-upon terms, and are not withholding combination budesonide/formoterol documents. AstraZeneca takes issue with Defendants' statement that they would produce documents related to products and formulations "that led to the ANDA product described in ANDA No. 211699." But Defendants have produced those documents. Indeed, Defendants have produced documents related to collaborations with third parties on a budesonide/formoterol product.

In short, Plaintiffs asserted a discovery impasse that ignored Defendants' agreement to produce relevant documents. There is no dispute for the Court to resolve.

The Honorable Colm F. Connolly
October 15, 2019
Page 3

                                                       Respectfully,

                                                       */s/ Frederick L. Cottrell, III*

                                                       Frederick L. Cottrell, III (#2555)

FLC/jjr
Attach.
CC: Counsel of record (via email)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2019, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

| **VIA ELECTRONIC MAIL** | **VIA ELECTRONIC MAIL** |
|---|---|
| Christopher N. Sipes | Michael P. Kelly |
| Gary M. Rubman | Daniel M. Silver |
| Megan P. Keane | Alexandra M. Joyce |
| Matthew Kudzin | McCarter & English, LLP |
| Douglas A. Behrens | Renaissance Centre |
| Anna Q. Han | 405 N. King Street, 8th Floor |
| Covington & Burling LLP | Wilmington, DE 19801 |
| One CityCenter, 850 Tenth St. NW | (302) 984-6300 |
| Washington, DC 20001 | mkelly@mccarter.com |
| (202) 662-6000 | dsilver@mccarter.com |
| csipes@cov.com | ajoyce@mccarter.com |
| grubman@cov.com | |
| mkeane@cov.com | |
| mkudzin@cov.com | |
| dbehrens@cov.com | |
| ahan@cov.com | |

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
rawnsley@rlf.com